**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-61041-CIV-DIMITROULEAS**

COTTAGE INTERNATIONAL,
DEVELOPMENT GROUP, LLC,

Plaintiff,

vs.

BUENA VISTA CORPORATION;
ROHAN KULDIP; WILLIAM J. SCHWARTZ;
SHAM MAJARAJ; GREGG J. POMEROY &
ASSOCIATES, P.A.; GREGG J. POMEROY;
ALAN B. TAYLOR & ASSOCIATES, P.A.; and
ALAN B. TAYLOR,

Defendants.
_______________________________________/

**OMNIBUS ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, DENYING SECOND MOTION TO MODIFY SCHEDULING ORDER, AND DENYING ADDITIONAL MOTIONS AS MOOT**

THIS CAUSE is before the Court upon Plaintiff's Motion for Leave to File Third Amended Complaint (the "Motion to Amend") [DE 52], filed herein on March 27, 2014, and Defendants' Second Motion to Modify Scheduling Order (the "Motion to Extend Discovery") [DE 57], filed herein on April 14, 2014. The Court has carefully considered the Motions [DE 52; DE 57]; the Response filed by Buena Vista Corporation, Sham Maharaj, and William Schwartz (the "Buena Vista Defendants") [DE 58]; and the Response filed by Defendants Alan B. Taylor & Associates, P.A. (the "Taylor Law Firm") and Alan B. Taylor (together, the "Taylor Defendants") ]DE 59]. The Court has determined that it need not await a reply, and the Court is otherwise fully advised in the premises.

**A. <u>Motion to Amend [DE 52]</u>**

Rule 15 of the Federal Rules of Civil Procedure (the "Rules") specifies that leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The Supreme Court has held that, in the absence of a reason like 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,' the leave sought should be 'freely given.'" *McLaughlin v. Pasco Cnty. Sheriff's Office*, 510 F. App'x 880, 882 (11th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that Plaintiff should be granted leave to amend. Plaintiff timely filed the Motion [DE 52] pursuant to the Court's Scheduling Order [DE 41] and the two-week extension allowed by the Order Granting Defendants' Motion to Modify Scheduling Order [DE 49]. And the Buena Vista Defendants—and not Plaintiff—requested that two-week extension to file motions to amend. Therefore, any delay caused by that extension should not be attributed to Plaintiff.

Moreover, the Court is not convinced that leave to amend would cause undue prejudice in terms of the deadlines in the Scheduling Order [DE 41]. The parties have over eight (8) weeks to conduct discovery, followed by an additional four (4) weeks to prepare substantive pretrial motions. *See* [DE 41].

Finally, the Court cannot conclude from the record that the proposed amended complaint would be futile or would cause any other undue prejudice. Plaintiff has had the opportunity to conduct discovery since filing the currently operative complaint, *see* [DE 32], and the amended complaint will provide Plaintiff a final opportunity to set forth all relevant allegations and claims

arising from the same underlying transaction at issue since this case's inception. Because the same transaction has been at issue throughout this case, the Defendants have been on notice of the fundamental basis for this action and will not suffer prejudice if the operative complaint includes additional allegations and causes of action. Defendants can challenge those allegations and claims through substantive pretrial motions. Thus, justice requires that the Court grant Plaintiff leave to amend the operative complaint.

**B. Motion to Extend Discovery [DE 57]**

The Buena Vista Defendants seek a two-week extension of the discovery period in order to conduct any additional discovery required because of the filing of a new amended complaint. The Court does not find good cause to extend the discovery deadline.

On August 1, 2013, the parties submitted a Joint Scheduling Report [DE 40] requesting a discovery cutoff on June 2, 2014. Thereafter, the Court issued its Scheduling Report [DE 41], setting the discovery cutoff on June 11, 2014. The parties, therefore, received more time for discovery than they had originally requested and have been on notice of the discovery cutoff for over eight (8) months.

Furthermore, when granting the two-week extension for motions to amend—as requested by the Buena Vista Defendants, *see* [DE 48]—the Court explicitly stated that it does not normally change deadlines in a scheduling order but would do so because an extension of the deadline for motions to amend would not affect any other deadlines. *See* [DE 49]. Therefore, the Buena Vista Defendants cannot now rely on the previous extension to seek an extension of the discovery period.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Amend [DE 52] is hereby **GRANTED**;
2. Plaintiff shall separately electronically file the amended complaint on the docket on or before April 16, 2014;
3. Defendants shall respond to the amended complaint on or before April 25, 2014;
4. Defendants' Motion for Judgment on the Pleadings [DE 47] is hereby **DENIED AS MOOT**, without prejudice to refiling with respect to the updated operative pleadings;
5. Plaintiff's Unopposed Motion for an Additional Extension of Time [DE 56] is hereby **DENIED AS MOOT**;
6. The Motion to Extend Discovery [DE 57] is hereby **DENIED**; and
7. Counsel may agree among themselves to conduct discovery beyond the discovery deadline but should not expect the Court to resolve any disputes that arise after that deadline. *See* Court's Discovery Practices Handbook, S.D. Fla. Local R. App. A. § I.E.1.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 15th day of April, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record