UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61041-CIV-DIMITROULEAS

COTTAGE INTERNATIONAL,
DEVELOPMENT GROUP, LLC,

Plaintiff,

vs.

BUENA VISTA CORPORATION;
WILLIAM J. SCHWARTZ;
and SHAM MAJARAJ a/k/a
SHAMANAND MAHARAJ,

Defendants.
_____________________________________/

**ORDER CONSTRUING CASE AS BREACH OF CONTRACT ACTION**

THIS CAUSE is before the Court on the September 30, 2014 filing of a Complaint for Enforcement of Settlement Agreement by Plaintiff Cottage International Development Group, LLC. [DE 1]. The Court has carefully considered the Complaint [DE 1], the record in case number 13-61041-CIV-Dimitrouleas, and is otherwise fully advised in the premises.

On July 25, 2014, the parties in case number 13-61041-CIV-Dimitrouleas filed a Joint Stipulation for Dismissal with Prejudice. [DE 165]. Therein, the parties jointly stipulated for dismissal of all claims with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear their own attorneys' fees and costs. *See* [DE 165] at p. 1.

In their Joint Stipulation for Dismissal with Prejudice, the parties stated that they agreed that the court would retain jurisdiction to enforce the parties' settlement, and attached their settlement agreement to the Stipulation. *See* [DE 165] at pp.

However, the Court's Final Order of Dismissal did not approve the parties' settlement

agreement, nor did it retain jurisdiction to enforce its terms. As the Court explained:

> Though the parties ask the Court to retain jurisdiction to enforce the settlement agreement, the Court lacks the power to do so. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012) ("[F]or a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) . . . the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.").

*See* [DE 168] (Final Order of Dismissal) at pp. 1-2.

In the instant action, case number 14-62248, Plaintiff Cottage filed a Complaint for Enforcement of Settlement Agreement [DE 1], alleging that the Defendants have failed to make payments pursuant to the settlement agreement and asking the Court to enforce the terms of that agreement by entering a Final Judgment against Defendants in the amount of $1,300,000.

As explained *supra*, the Court did not retain jurisdiction to enforce the parties' settlement agreement. Nonetheless, based on the allegations in the Complaint, the Court appears to have diversity jurisdiction over this action as a breach of contract action. However, the Court is inclined to treat the case as a regular breach of contract action, not as an enforcement of settlement agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 1st day of October, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record